UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAIL LAULE, SCOTT SHARPE,
and ERIC MONTANDON,

    Plaintiff,

v.                                                  Case No.:

JV CHINA, INC.,

    Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs, Gail Laule, Scott Sharpe, and Eric Montandon (collectively "Plaintiffs"), by and through their undersigned attorneys, bring this Complaint for declaratory relief against the Defendant, JV China, Inc., and allege as follows:

### *Overview*

1. JV China, Inc. ("JV China" or "Defendant") is a Florida corporation incorporated in the state of Florida on or about March 18, 1996.

2. Pursuant to its Bylaws, its principal place of business is to be within the state of Florida. A copy of Defendant's Bylaws is attached hereto as **Exhibit A** and incorporated herein by reference.

3. At present, there are 1,560 outstanding shares of Defendant owned by various individuals.

4. Timothy Desmond owns 780 shares of Defendant.

5. Plaintiff, Gail Laule, owns 374 shares of Defendant.

6. Plaintiff, Scott Sharpe, owns 195 shares of Defendant.

7. Plaintiff, Eric Montandon, owns 211 shares of Defendant.

8. Together, Plaintiffs own 780 shares of Defendant, or 50% of the outstanding shares.

## *JV China's Violative Actions*

9. On or about April 2, 2019, one of the officers of Defendant (Timothy Desmond) entered into an agreement transferring thirteen (13) shares of JV China from Timothy Desmond to Scott Sharpe (a shareholder of JV China). A copy of the deed of sale is attached hereto as **Exhibit B**.

10. On or about April 2, 2019, Eric Montandon also entered into an agreement transferring twenty-three (23) shares of JV China from Eric Montandon to Scott Sharpe. A copy of the deed of sale is attached hereto as **Exhibit C**.

11. To date, the Company refuses to accurately record these transfers in its corporate records.

12. Further, to date, Brian Desmond and Timothy Desmond continue to attempt to control the voting rights for these thirteen (13) shares as if they were not validly transferred.

13. During the Company's most recent Annual Shareholders' Meeting

on or about November 20, 2020, the shareholders met and agreed that the shareholders of the Company would be as follows:

    a. Timothy Desmond – 780 shares

    b. Gail Laude – 374 shares

    c. Eric Montandon – 211 shares

    d. Scott Sharpe – 195 shares

14. At this meeting, the Company's shareholders explicitly acknowledged and agreed to the transfer of shares outlined in the April 2, 2019 deeds of sale attached hereto as Exhibit B and Exhibit C, which resulted in the above share ownership. A copy of the meeting minutes of the 2020 Annual Shareholders' Meeting are attached hereto as **Exhibit D**.

15. Yet, following this shareholders' meeting, Brian Desmond and Timothy Desmond continue to attempt to control the voting rights of thirteen (13) of the shares of the Company that rightfully belong to (and may only be exercised) by Scott Sharpe.

## *Jurisdiction*

16. This Court has jurisdiction over this action under 28 U.S.C. § 1332 because this civil action is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

17. This Court has authority to grant relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. In addition, this Court has authority

to issue injunctive relief under the All Writs Act, 28 U.S.C. § 1651.

18. There is an actual controversy of sufficient immediacy and concreteness relating to the legal rights and duties of the parties pursuant to the Company's Bylaws to warrant relief under 28 U.S.C. §§ 2201, 2202. The harm to Plaintiff as a direct result of the actions and threatened actions of Defendant is sufficiently real and imminent to warrant the issuance of a conclusive declaratory judgment.

19. Plaintiffs continue to face immediate uncertainty as to their rights and obligations should this Court not declare the rightful owner of the thirteen (13) shares of the Company, which would necessarily determine whether the transferor of the shares is able to continue to exercise the voting rights associated with those shares to the detriment of the true owner.

### *Venue*

20. Venue is proper in this Court under 28 U.S.C. § 1391(b). Defendant is considered to reside in the Middle District of Florida because the corporation is incorporated in the state of Florida, required to have its principal place of business in the state of Florida, and is subject to the court's personal jurisdiction.

### *Parties*

21. Plaintiff, Gail Laule, is domiciled in Lompoc, California..

22. Plaintiff, Scott Sharpe, is domiciled in Kailua-Kona, Hawaii.

23. Plaintiff, Eric Montandon, is domiciled in Gloucester, Massachusetts.

24. Defendant is a Florida corporation that is authorized to conduct business in the state of Florida.

25. Plaintiffs have retained the undersigned counsel to represent them in this action and are obligated to pay a reasonable fee for their services.

26. All conditions precedent to the maintenance of the causes of action alleged herein, if any, have occurred, been waived, or are otherwise satisfied.

## COUNT I
### (Declaratory Relief against Defendant)

27. Plaintiffs incorporate by reference the allegations in paragraphs 1 to 27 above as if fully set forth herein.

28. Plaintiffs are shareholders of Defendant and together own 50% of the outstanding shares of Defendant. The remaining 50% of the shares of Defendant are held by Timothy Desmond.

29. To date, Defendant refuses to accurately record in its stock transfer book the thirteen (13) shares of the corporation transferred by Timothy Desmond to Scott Sharpe, as of April 2, 2019.

30. To date, Defendant refuses to update its stock transfer book to reflect the true owner of the twenty-three (23) shares of the corporation transferred by Eric Montandon to Scott Sharpe.

31. Defendant's refusal to accurately record in its books and records the rightful owner of the shares and recognize voting rights accordingly violated Defendant's Bylaws.

32. Defendant has caused to be filed with the Florida Secretary of State an amended annual report purporting to add a certain Jackson Zee as an director of Defendant.

33. The purported election of Jackson Zee was done fraudulently by an illegal "virtual" election conducted outside of the prescribed manner set forth in Defendant's Bylaws.

34. Further, this purported election of Jackson Zee was done by Brian Desmond and Timothy Desmond improperly attempting to control the voting rights associated with the shares of Defendant transferred to Plaintiff, Scott Sharpe, that only Scott Sharpe has the right to control.

35. Jackson Zee's appointment is void and should be declared such.

WHEREFORE Plaintiff demands judgment against Defendant:

A. Declaring Scott Sharpe is the rightful owner, *nunc pro tunc* as of April 2, 2019, the thirteen (13) shares of Defendant transferred to Scott Sharpe on April 2, 2019, pursuant to the Deed of Sale dated April 2, 2019, attached hereto as Exhibit B;

B. Declaring Scott Sharpe is the rightful owner, *nunc pro tunc* as of April 2, 2019, the twenty-three (23) shares of Defendant transferred

    to Scott Sharpe on April 2, 2019, pursuant to the Deed of Sale dated April 2, 2019, attached hereto as Exhibit C;

C.     Declaring Jackson Zee's appointment as a director of JV China is void *ab initio*;

D.     An award of damages for the costs incurred in bringing this action; and

E.     All other relief that is just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 19, 2021, that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF portal and will be served on the Defendant via service of process.

**WEBER, CRABB & WEIN, P.A.**

*/s/ Jeremy D. Bailie*
Jeremy D. Bailie, Esquire
FBN: 118558
Primary: jeremy.bailie@webercrabb.com
Secondary: carol.sweeney@webercrabb.com
5453 Central Avenue
St. Petersburg, Florida 33710
Phone No. (727) 828-9919
Fax No. (727) 828-9924
Attorneys for Plaintiff